UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

P.C.R. *and* A.D.R., individually and as
parents and natural guardians on behalf of
P.R., *and* P.R., individually,

                      Plaintiffs,

   v.

FLORIDA UNION FREE SCHOOL
DISTRICT *and* ORANGE-ULSTER BOARD
OF COOPERATIVE EDUCATIONAL
SERVICES,

                    Defendants.

No. 16-CV-9778 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

      Plaintiffs Peter Rutherford and Ana Rutherford, individually and as parents and natural

guardians of P.R., their minor son, and P.R. individually (collectively, "Plaintiffs"), brought this

Action against the Florida Union Free School District ("FUFSD") and the Orange-Ulster Board

of Cooperative Educational Services ("BOCES"; collectively, "Defendants"), alleging that

Defendants denied P.R. a free and appropriate public education ("FAPE") between 2013 and

2018, in violation of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C.

§§ 1400, et seq., and Section 504 of the Rehabilitation Act ("Section 504"), 29 U.S.C. § 794, and

discriminated against P.R. in violation of Section 504 and the Americans with Disabilities Act

("ADA"), 42 U.S.C. §§ 12132, et seq.  (*See generally* Third Am. Compl. (Dkt. No. 154).)  The

Parties all filed Motions for Summary Judgment: (1) BOCES moved for summary judgment on

Plaintiffs' IDEA, Section 504, and ADA claims against BOCES; (2) FUFSD moved for

summary judgment on Plaintiffs' Section 504 and ADA claims against FUFSD; and (3) Plaintiffs

cross-moved for summary judgment on Plaintiffs' IDEA claim against FUFSD.  (*See generally* FUFSD's Mem. of Law in Supp. of Mot. for Summ. J. (Dkt. No. 207); BOCES's Mem. of Law in Supp of Mot. for Summ. J. (Dkt. No. 212); Pls.' Mem. of Law in Supp. of Cross-Mot. for Summ. J. (Dkt. No. 222).)  On February 4, 2022, the Court entered an Opinion & Order ("MSJ Opinion") granting BOCES's and FUFSD's Motions for Summary Judgment and denying Plaintiffs' Cross-Motion for Summary Judgment.  (*See generally* Op. & Order (Dkt. No. 232).) This set of holdings left the disposition of Plaintiffs' IDEA claim against FUFSD unsettled. While the Court agreed with FUFSD's arguments on Plaintiffs' IDEA claim against FUFSD— and denied summary judgment to Plaintiffs on their IDEA claim against FUFSD for this reason—the Court declined to exercise its authority to grant summary judgment to FUFSD sua sponte.  (*See id.* at 71–72.)  Instead, the Court instructed FUFSD to file a letter with the Court by no later than two weeks from the date of the MSJ Opinion explaining why FUFSD is entitled to summary judgment on Plaintiffs' IDEA claim against FUFSD, and provided Plaintiffs with two weeks to respond thereafter.  (*Id.* at 72.)

On February 7, 2022, FUFSD filed its letter with the Court explaining why FUFSD is entitled to summary judgment on Plaintiffs' IDEA claim against FUFSD, largely echoing the Court's reasoning in denying Plaintiffs' motion for summary judgment on this claim.  (*See* Dkt. No. 234.)  Plaintiffs were required under the Court's MSJ Opinion to respond to FUFSD's letter by February 22, 2022, but to date—three weeks after FUFSD filed its letter and nearly four weeks after the Court's MSJ Opinion—Plaintiffs have failed to respond.  (*See* Dkt.) Accordingly, the Court now grants summary judgment to FUFSD on Plaintiffs' IDEA claim against FUFSD for the reasons set out in the MSJ Opinion, (*see* Op. & Order 54–58), as echoed in FUFSD's February 7, 2022 letter, (*see* Dkt. No. 234).

The Clerk of Court is respectfully directed to enter judgment for FUFSD on Plaintiffs' IDEA claim against FUFSD and close this case.

SO ORDERED.

Dated:   March 1, 2022
         White Plains, New York

                                             KENNETH M. KARAS
                                    United States District Judge